UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 25-30 |
| KENNETH GREEN | SECTION M |

### ORDER & REASONS

Before the Court are two motions filed by defendant Kenneth Green: one to dismiss count two of the indictment;[1] and another to dismiss count three of the indictment.[2] The United States of America (the "government") responds in opposition,[3] and Green replies in further support of his motions.[4] Having considered the parties' memoranda, the record, and the applicable law, the Court denies both motions.

I.  **BACKGROUND**

On February 6, 2025, Green was indicted on three counts.[5] Count one charges Green with possession with the intent to distribute controlled substances, namely, fentanyl, cocaine, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D).[6] Count two charges Green with possession of a firearm, specifically, a 9mm caliber handgun, in furtherance of a drug trafficking crime, that is, possession with the intent to distribute controlled substances, in violation of 18 U.S.C. § 924(c)(1)(A)(i).[7] Count three charges Green with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

---

[1] R. Doc. 39.
[2] R. Doc. 40.
[3] R. Doc. 42.
[4] R. Doc. 51.
[5] R. Doc. 1.
[6] *Id.* at 1-2.
[7] *Id.* at 2.

More precisely, count three charges that Green possessed a 9mm caliber handgun after having been convicted in Orleans Parish Criminal District Court of possession with intent to distribute more than 28 grams of a controlled substance, in violation of La. R.S. 40:967(B)(1)(b), which is a felony punishable by imprisonment for a term exceeding one year.[8]

Green moves to dismiss counts two and three of the indictment.[9] As to count two, Green argues that there was no violation of § 924(c)(1)(A)(i).[10] And, with respect to count three, Green argues that § 922(g)(1) is unconstitutional on its face and as applied to him.[11]

## II.   LAW & ANALYSIS

### A. Legal Standard

Rule 12(b) of the Federal Rules of Criminal Procedure permits a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Under this rule, a party may challenge an indictment for failing to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v). "The propriety of granting a motion to dismiss an indictment under [Rule] 12 by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005) (quotation omitted), *abrogated on other grounds by, United States v. Garcia*, 707 F. App'x 231 (5th Cir. 2017). A district court can, generally, consider the motion if it involves a question of law. *Id.* When a defendant challenges an indictment for failure to state an offense, the court must "take the allegations of the indictment as true … to determine whether an offense has been stated." *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (quotation omitted). "A defendant may not properly challenge an

---

[8] *Id.*
[9] R. Docs. 39; 40.
[10] R. Doc. 39.
[11] R. Doc. 40.

indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits." *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975) (citing *Costello v. United States*, 350 U.S. 359, 363 (1956)). The district court may, however, consider the legal sufficiency of the indictment in light of uncontested facts. *Flores*, 404 F.3d at 326.

### B. Green's Motion to Dismiss Count Two (R. Doc. 39)

Green seeks dismissal of count two, arguing that there is no proof he possessed a firearm in furtherance of a drug trafficking crime in violation of § 924(c)(1)(A)(i).[12] Specifically, Green contends that his possession of a firearm was not "in furtherance of" a drug trafficking crime because the gun was found on the floorboard of his vehicle, where he was asleep at the wheel, when he was arrested.[13] He points out that the drug trafficking charge (count one) "rests solely [o]n the weight of narcotics [he] is alleged to have possessed, not that he actually engaged in any narcotics trafficking."[14] Green further reasons that the gun was not found on his person, nor did he brandish or use it while selling drugs.[15] In sum, Green contends that, because he was asleep at the time of arrest, he "could not (1) commit a drug trafficking offense or (2) possess a firearm while furthering a trafficking offense."[16]

In opposition, the government argues that Green's motion should be denied because it "is predicated on a factual dispute" that must be resolved by the jury.[17] The government also argues that the facts of this case support the allegations contained in count two, namely, that Green

---

[12] R. Doc. 39.
[13] R. Doc. 39-1 at 4-6.
[14] *Id.* at 4.
[15] *Id.* at 5-6.
[16] *Id.* at 6.
[17] R. Doc. 42 at 4.

possessed distribution quantities of narcotics and a "firearm was placed directly underneath his person when he was stopped by officers."[18] The government observes that another section of this Court denied a similar motion made by a defendant, finding that "'whether [the defendant's] possession of [a] firearm was 'in furtherance' of a drug trafficking crime should be left to the trier of fact.'"[19]

Green replies, reiterating the fact that he was asleep at the wheel when arrested demonstrates that he could not have possessed the firearm in furtherance of a drug trafficking crime.[20] According to Green, given this fact, there is no indication that he possessed the firearm in furtherance of a drug trafficking crime, and there is no need for the jury to consider count two.[21]

Just as two other sections of this Court have noted when considering other similar motions challenging an identical charge, Green "essentially asks the Court to engage in an analysis of the facts and law equivalent to a civil motion for summary judgment." *Williams*, 2025 WL 637578, at *2; *see also United States v. Bornes*, 2025 WL 562761, at *2 (E.D. La. Feb. 20, 2025) ("In this motion, Defendants invite the Court to engage in what can only be characterized as the criminal equivalent of the civil motion for summary judgment."). Green outlines the elements of § 924(c)(1)(A)(i), which require the government to prove that: "(1) a drug trafficking crime was committed; (2) the defendant was in possession of a firearm; and (3) possession of the firearm furthered the drug trafficking crime."[22] Green then recounts the factors that courts consider in analyzing the "in furtherance of" prong, which include: whether there is a connection between the firearm and the drug trafficking activity, the proximity of the firearm to the contraband, the

---

[18] *Id.* at 5.
[19] *Id.* (quoting *United States v. Williams*, 2025 WL 637578, at *3 (E.D. La. Feb. 27, 2025)).
[20] R. Doc. 51 at 2-4.
[21] *Id.*
[22] R. Doc. 39-1 at 1 (citing *United States v. McGinnis*, 384 F. App'x 794, 796 (10th Cir. 2010)).

4

accessibility of the firearm to the accused, whether the defendant legally possessed the firearm, the type of drug activity allegedly being conducted, the surrounding circumstances of the firearm possession, whether the gun was loaded, and the defendant's subjective intent in possessing the firearm.[23]  Next, Green applies these factors to what he sees as the facts of his case, asserting that he did not possess the gun in furtherance of a drug trafficking crime because, at the time of his arrest, he was asleep with the gun on the floorboard of the car, not dealing drugs with a gun on his person.[24]

Count two of the indictment, which states the basic elements of a violation of § 924(c)(1)(A)(i), is sufficient on its face.  It clearly alleges that Green possessed a firearm in furtherance of a drug trafficking crime.  Green argues that the charge is not supported by adequate evidence.  A court cannot, under Rule 12, dismiss a count "based on the sufficiency of the evidence supporting the allegations in the indictment." *Bornes*, 2025 WL 562761, at *2 (quotation omitted). The jury must weigh the evidence.  *Id*.  As such, it is not for this Court to consider the merits of Green's Rule 12 motion directed to count two.  Instead, the jury must decide whether Green possessed the firearm in furtherance of a drug trafficking crime.

### C. Green's Motion to Dismiss Count Three (R. Doc. 40)

Green also seeks dismissal of count three, asserting that § 922(g)(1) is unconstitutional on its face and as applied to him.[25]  Green, relying principally on *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023),[26] argues that § 922(g)(1) violates the Second Amendment to the United States Constitution because the

---

[23] *Id.* at 1-4 (citing *United States v. Ceballos-Torres*, 218 F.3d 409, 412-13 (5th Cir. 2000); *United States v. Lott*, 310 F.3d 1231, 1247-48 (10th Cir. 2002); *United States v. Ramirez-Frechel*, 23 F.4th 69, 74 & n.1 (1st Cir. 2022)).
[24] *Id.* at 4-6.
[25] R. Doc. 40.
[26] Green ignores the Supreme Court's subsequent decision in *Rahimi*, 602 U.S. 680 (2024), which reversed the Fifth Circuit's holding that § 922(g)(8) was facially unconstitutional.

statute limits the right of a convicted felon to possess a firearm for self-defense and, says Green, does not have an historical analogue.[27] The government responds by pointing out that Green's argument is foreclosed by recent Fifth Circuit precedent – particularly, *United States v. Diaz*, 116 F.4th 458, 472 (5th Cir. 2024) (upholding § 922(g)(1) as constitutional because it "is consistent with this Nation's historical tradition of firearm regulation"), *cert. denied*, 415 S. Ct. 2822 (2025), *United States v. Kimble*, 142 F.4th 308 (5th Cir. 2025), and *United States v. Mancilla*, --- F.4th ---, 2025 WL 2610452 (5th Cir. Sept. 10, 2025).[28] Green replies, reasserting that the Supreme Court has not yet passed on the constitutionality of § 922(g)(1), and that the mere presence of a firearm does not make him a drug trafficker.[29] The government's position is correct.

In *Kimble*, the Fifth Circuit affirmed the defendant's § 922(g)(1) conviction, holding that "disarming drug traffickers accords with the nation's history and tradition of firearm regulation." 142 F.4th at 309. The *Kimble* court observed that the defendant's conviction "accord[ed] with the Second Amendment because Congress can categorically disarm individuals convicted of violent felonies like drug trafficking," emphasizing that its "conclusion does not depend on an individualized assessment that [the defendant] is dangerous." *Id.* at 318. The Fifth Circuit has applied *Kimble* in at least two other cases to hold that a defendant with a prior drug trafficking offense can constitutionally be disarmed under § 922(g)(1). *See United States v. Mancilla*, 2025 WL 2610452, at *2 ("Under our binding precedent, [the defendant]'s drug-trafficking conviction establishes his dangerousness."); *United States v. Orozco*, 2025 WL 2623429, at *2 (5th Cir. Sept. 11, 2025). Here, the indictment alleges that Green was previously convicted of a drug trafficking crime.[30] Thus, his challenge to count three is foreclosed by *Diaz*, *Kimble*, *Mancilla*, and *Orozco*.

---

[27] R. Doc. 40-1 at 1-6.
[28] R. Doc. 42 at 6-9.
[29] R. Doc. 51 at 5-7.
[30] R. Doc. 1 at 2.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Green's motion to dismiss count two of the indictment (R. Doc. 39) is DENIED.

IT IS FURTHER ORDERED that Green's motion to dismiss count three of the indictment (R. Doc. 40) is DENIED.

New Orleans, Louisiana, this 28th day of October, 2025.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE